People of Porto Rico, Plaintiff and Appellee, *v.* Juan Correa, Defendant and Appellant.

No. 2606. Argued December 17, 1925.—Decided January 29, 1926.

1. Assault and Battery—Procedure—Delay in Bringing to Trial—Appeal to District Court.—Section 448 of the Code of Criminal Procedure is applicable to cases appealed to the district courts and the time is to be counted from the date of the filing of the transcripts in the said courts.
2. Id.—Witnesses—Husband and Wife.—The exception established in paragraph 1 of section 40 of the Law of Evidence is applicable in criminal actions both for felonies and for misdemeanors.

Second District Court of San Juan, M. Rodríguez Serra, J. Judgment of conviction for aggravated assault and battery. *Affirmed.*

*Juan Valldejuli Rodríguez* for the appellant. *José E. Figueras,
Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

The complaint in this action was made by Francisca
Carrión against her husband, Juan Correa, and reads in
part that "said defendant, with criminal intent to cause me
bodily injury, assaulted and beat me with his hands by
striking various blows on my face and hitting me with his
fists on my breast, he being a strong adult male and I being
a weak woman." It was filed in the Municipal Court of
Río Grande and is dated August 6, 1924.

There is no record of the trial in the municipal court,
but he must have been convicted there, for on September
25, 1925, his case was called for trial in the district court
and he was found guilty of aggravated assault and battery
and sentenced to pay a fine of fifty dollars.

From this judgment of the district court the present
appeal was taken and it is assigned in the brief that the
court erred (1) in overruling the motion to dismiss, (2) in
allowing the wife to testify against her husband, and (3) in
weighing the evidence.

[1] In respect to the first assignment of error, all that
appears in the statement of the case is as follows:

"Before any plea was made after arraignment the accused filed
a motion for dismissal of the case on the grounds that the complaint
was filed in the clerk's office of this court on September 17, 1924,
after the defendant had been arrested on September 10th of the
same year; that between September 17, 1924, and February 25,
1925, 161 days elapsed and the accused had not been brought to trial;
that the defendant had not moved for any continuance and the
delay had not been caused by him; that since the said complaint
was filed the court had been in session continuously and had time
to try the said case; that the defendant is not accountable for that
delay and his lawful rights have been infringed, among them the
right to a speedy trial according to law; that this is the first set-
ting of the case for trial.

"Then the prosecuting attorney said: The just cause for not having tried this case is that there has been absolutely no negligence on the part of the prosecuting attorney in not setting this case for trial before the court. In the second place, the court has been in session continuously, as the defendant alleges in his own motion, since the date on which this complaint was brought up, holding jury trials and trials on appeal. This being so, it is clear that the trials can not be held all at once, but in their order, and in the way they have been set for trial this case comes up for trial today, not because there has been any negligence, but for lack of time. It has been necessary to try the other cases in the order in which they were filed. The defendant himself says 'because the court has been in session continuously, etc.' It has been due to physical impossibility of the court.

"The judge said: The court overrules the motion. The defense excepted."

The *fiscal* says in his brief:.

"As regards the first assignment of error, we have to say that this case is an appeal from the Municipal Court of Río Grande on a charge of aggravated assault and battery. This being so, it seems to us that the jurisprudence of this court in the case of *People* v. *Falcastro,* 17 P.R.R. 88, is fully applicable. It is as follows:

"'As to the third exception taken by defendant's counsel, we must say that we are in accord with the opinion expressed by the district court denying the request of counsel to dismiss the prosecution; because section 448 of the Code of Criminal Procedure, on which he relies to support his motion, is applicable only to cases which are heard before the district courts on informations presented by the *fiscal,* and not to accusations made before municipal courts and carried thence by appeal to the district courts for trials anew.'"

If the jurisprudence established in the *Falcastro Case,* *supra,* were in full force the *fiscal* would be right, but in the case of *Dyer* v. *Rossy,* 23 P.R.R. 718, this court, without discussing the question, applied section 448 of the Code of Criminal Procedure to an appeal from a municipal court, and in the case of *Ochoa* v. *Manzano,* 24 P.R.R. 786, 787, 788, 789, this court said:

"On the 7th of August, 1916, the petitioner made an application in due form to the municipal court for the dismissal of the ac-

tion, alleging, among other things, that the case had been postponed more than 120 days without just cause. The court refused to dismiss and did not set the case for another definite period. The petitioner then made this application for a mandamus to the District Court of Guayama. That court, in substance, agreed that the petitioner would have been entitled to his remedy if the case had originated or was being tried before the district court; that the bare absence of a witness in the United States was not just cause, and other well-reasoned considerations, but the district court found itself embarrassed by the apparent conflict between the case of *People v. Falcastro,* 17 P.R.R. 88, and *Dyer v. Rossy,* 23 P.R.R. 718, and hence the court felt that it was without authority to order a dismissal of the case, but, instead, issued a peremptory writ of mandamus for the municipal court to proceed to trial. The court below determined that the effect of the Dyer case was to extend the application of section 448 to cases appealed to the district court and tried *de novo,* but not to cases on trial in a municipal court.

"In the consideration of the case of *Dyer v. Rossy, supra,* the case of Falcastro was not presented to this court, but if it had been, the rule of decision followed by us would have been bound to be the same. . . . . .

"The reasoning of the Dyer case, if it was applicable in any technical sense to a case on appeal from a municipal court, was equally applicable to a trial in the municipal court itself."

In 26 P.R.R. at page 18 the case of *People v. Cesari* is reported. It came up from a municipal court and notwithstanding that fact, this court reversed the judgment appealed from because the trial was not held within the one hundred and twenty days fixed by section 448 of the Code of Criminal Procedure.

In the case of *People v. Mercado,* 27 P.R.R. 523, this court said:

"Section 448 of the Code of Criminal Procedure by its terms gives a defendant a right in the district court to a dismissal if his case is not tried within 120 days after the filing of the information. This period we have held in *Ochoa v. Manzano,* 24 P.R.R. 786, to be applicable to trials in municipal courts. This was an appeal from a judgment of a municipal court and the defendant was brought to trial within 120 days after the filing of the transcript in said district court. We feel bound to hold that the point of

departure in estimating the time is the date of the filing in the district court and not the date of the appeal. The filing of the transcript is the only act tantamount to a filing of the information if section 448 is to be relied on. We do not mean to say that an appellant may never seek a dismissal for failure to prosecute until 120 days have elapsed from the filing of the transcript, but then a stronger showing must be made than was done here. The defendant has the burden then of showing that the delay was not justified. *Ex parte Turman,* 26 Tex. 708, 84 A. D. 598; *People* v. *Díaz,* 5 P.R.R. 197; *People* v. *Falcastro,* 17 P.R.R. 88."

For the foregoing reasons it must be concluded that the jurisprudence established in the *Falcastro Case, supra,* was not followed by this court and has been substituted by the holding that section 448 of the Code of Criminal Procedure is applicable to cases appealed to the district courts, the time to be counted from the date of the filing of the transcript of the record in the district court.

Therefore, we shall decide the case in accordance with the facts as they are made to appear. It is not entirely clear when the transcript was filed, but admitting that it was filed on September 17, 1924, it is unquestionable that on the date of the trial, February 25, 1925, more than one hundred and twenty days had elapsed. Was there just reason for the delay? Judging from the only thing that is before us, as transcribed, and appreciating the excess of work in the District Court of San Juan during late years by the fact that the Legislature found itself obliged to increase the number of its judges, we are of the opinion that there was just cause for the delay and therefore that the first assignment of error is without merit.

[2] The same may be said of the second. The appellant cites the Spanish version of subsection 1 of section 40 of the Law of Evidence which reads as follows:

"1. *Un marido no podrá ser examinado a favor ni en contra de su mujer, sin el consentimiento de ésta; ni una mujer a favor ni en contra de su marido, sin el consentimiento de éste; ni podrá ninguno de los dos durante o después del matrimonio, ser examinado sin*

*consentimiento del otro, respecto a alguna comunicación habida 'de parte a parte, durante el matrimonio; pero esta disposición no será aplicable a una acción o procedimiento civil por uno de los cónyuges contra el otro ni a una acción o procedimiento criminal por un delito grave cometido por uno de ellos contra el otro.''*

If the last four lines of that paragraph governed as they appear in the Spanish version, the appellant would be right, because the complaint in this case does not charge a felony (*delito grave*), but a misdemeanor (*delito menos grave*), and the English text of the same paragraph reads as follows:

''1. A husband can not be examined for or against his wife without her consent; nor a wife for or against her husband without his consent; nor can either, during the marriage or afterwards, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this provision does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other.''

Section 13 of the Penal Code says:

''Crimes are divided into: First,—Felonies; and Second,—Misdemeanors.''

So the word ''crime'' clearly includes both felonies and misdemeanors, and the exception is applicable to this case.

Underhill on Criminal Evidence, page 185, cited by the *fiscal,* gives the reason for the exception as regards the wife as follows:

''An exception is made on the trial of the husband for a personal injury inflicted by him on his wife, and she is permitted to testify against him. Such an exception is absolutely necessary to promote justice and to protect the wife from violence at the hands of a husband in circumstances where from the relations and surroundings of the parties no third person could be present.

''It is the policy of the law to extend the right of the wife to testify against the husband in such cases.''

The evidence is sufficient. Not only the assaulted woman,

but also her sister Andrea Carrión, testified at tne trial and both of them said that the accused assaulted and battered the former as charged in the complaint upon arriving at his home in a bad humor. Aurelio Carrión testified for the defense that there had been a quarrel between Correa and his wife because Correa had spent the night away from his home, but said that the wife insulted Correa who did not assault her at any time. The court believed the evidence for the prosecution and it has not been shown that it committed any error.

The judgment appealed from should be affirmed.